**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah Schick, | No. CV-19-01736-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Compass Lending Corporation, *et al.*, | |
| Defendants. | |

At issue is Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. 24, Mot.), to which Plaintiff filed a Response (Doc. 26, Resp.) and Defendant filed a Reply (Doc. 27, Reply). Because the parties' briefs were adequate for the Court to resolve the issues raised in Defendant's Motion, the Court declined to hold oral argument on the briefs. *See* LRCiv 7.2(f). For the reasons that follow, the Court grants Defendant's Motion in part and denies it in part. The Court also grants Plaintiff leave to file a Second Amended Complaint, should she so choose.

**I.   BACKGROUND**

Plaintiff alleges claims against Defendant under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the California Invasion of Privacy Act ("CIPA"), Calif. Penal Code § 632.7. On February 4, 2019, Plaintiff received a phone call on her cellular phone. She alleges that the call was made with an automatic telephone dialing system ("ATDS") because "there was a distinct 'click and pause' at the outset of the call." (Compl. at 8.) Plaintiff states that "[a] series of pre-recorded messages then

| | |
|---|---|
| 1 | played." (Compl. at 8.) After the prerecorded messages, Plaintiff spoke with a live |
| 2 | individual. Plaintiff claims that this phone call was recorded by Defendant and Defendant |
| 3 | did not inform her that the call was recorded. (Compl. at 8.) |
| 4 |      In her Complaint, Plaintiff brought two claims related to this phone call on behalf |
| 5 | of a putative class of persons. First, Plaintiff alleges that Defendant violated the TCPA by |
| 6 | making a telemarketing call to Plaintiff's cellular device with an ATDS and prerecorded |
| 7 | voice without Plaintiff's consent. Second, Plaintiff claims that Defendant violated the |
| 8 | CIPA by recording the phone call without informing Plaintiff. Pursuant to Rule 12(b)(6), |
| 9 | Defendant now moves to dismiss the claims against it. (Mot. at 1–2.) |

## II. LEGAL STANDARD FOR RULE 12(b)(6) MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When analyzing a complaint under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. Cousins v. *Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). On a Rule 12(b)(6) motion, Rule 8(a) governs and requires that, to avoid dismissal of a claim, Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. ANALYSIS

### A. TCPA Claim (Count One)

Under the TCPA, a plaintiff has a claim against any individual who "make[s] any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone

service, . . . or any service for which the party is charged for the call." 47 U.S.C. § 227(b)(1)(A). To survive a 12(b)(6) motion, the plaintiff must allege sufficient facts demonstrating "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system [or prerecorded voice]; (3) without the recipient's prior express consent." *Meyer v. Portfolio*, 707 F.3d 1036, 1043 (9th Cir. 2012); 47 U.S.C. § 227(b)(1)(A). The parties dispute whether Plaintiff has sufficiently alleged the second element.

In its Motion, Defendant argues that Plaintiff does not allege sufficient facts to support her TCPA claim. Although Defendant originally did not address the prerecorded voice allegation (Resp. at 7), Defendant argued, in its Reply, that Plaintiff failed to support her claim that Defendant used a prerecorded voice with sufficient facts (Reply at 4). In the Complaint, Plaintiff states "[a] series of pre-recorded messages then played." (Compl. at 8.) Because this fact describes Plaintiff's experience and the phone call itself, it is a non-conclusory fact. Therefore, Plaintiff sufficiently alleges that Defendant used a prerecorded voice, which alone satisfies the requirements to bring a TCPA claim.

Plaintiff has also adequately alleged that Defendant used an ATDS to make the phone call. Defendant argues that Plaintiff failed to allege sufficient facts to support the claim that an ATDS was used. (Mot. at 5.) An ATDS is a piece of "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person)." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018). Plaintiff must allege sufficient facts to allow the Court to "reasonably infer" that Defendant used an ATDS. *Flores v. Adir Int'l, LLC*, 685 Fed. App'x 533, 533 (9th Cir. 2017) (mem. decision). In a previous case, this Court "acknowledged 'the difficulty a plaintiff faces in knowing the type of calling system used without the benefit of discovery' and . . . that courts can infer the use of an ATDS from the details of the call." *McCullough v. Maximum Title Loans LLC*, 2019 WL 3933754, at *2 (D. Ariz. Aug. 20, 2019) (internal citations omitted).

Multiple courts in the Ninth Circuit have found that "general allegations [of the use of an ATDS] are sufficiently bolstered by specific descriptions of the 'telltale' pause after the plaintiff picked up each call . . . which suggests the use of a predictive dialing system, and thus renders plausible the conclusory allegation that an ATDS was used." *Cabiness v. Educational Fin. Solutions, LLC*, 2016 WL 5791411, at *7 (N.D. Cal. Sept. 1, 2016) (internal citation omitted). Although some of Plaintiff's factual allegations are conclusory, Plaintiff alleges that she heard "a distinct 'click and pause' at the outset of the call." (Compl. at 8.) Accepting this non-conclusory factual allegation as true, the Court can reasonably infer that Defendant called Plaintiff using an ATDS. Because Plaintiff has stated a claim that Defendant used both an ATDS and a prerecorded voice, the Court denies Defendant's Motion to Dismiss as to Count One.

### B. CIPA Claim (Count Two)

Under California Penal Code § 632.7, an individual who "intercepts or receives and intentionally records" a call made to a cellular phone without the other party's consent "shall be punished by a fine." Cal. Penal Code § 632.7(a). The statute prohibits the "unauthorized recording of calls that are received without the other party's consent." *Brinkley v. Monterey Fin. Serv., LLC*, 340 F. Supp. 3d 1036, 1043 (S.D. Cal. 2018). "A business that adequately advises all parties to a telephone call, at the outset of the conversation, of its intent to record the call would not violate the provision." *Kearney v. Salomon Smith Barney, Inc.*, 137 P.3d 914, 930 (Cal. 2006). In addition, the communications do not need to be confidential to be protected from secret recording. *See Young v. Hilton Worldwide, Inc.*, 565 Fed. App'x 595, 596 (9th Cir. 2014).

Defendant argues that Plaintiff's CIPA claim must fail because Plaintiff does not state who recorded the call. In addition, Defendant contends that Plaintiff's allegation—"the call was recorded"—is conclusory. (Reply at 4.) The Court agrees. Plaintiff's statement is a mere recitation of the key element of a CIPA claim—that the call was recorded. *See* Cal. Penal Code § 632.7(a). Because the Amended Complaint lacks a non-conclusory factual allegation as to Count Two, it is insufficient to survive the Rule 12(b)(6)

challenge. *See Twombly*, 550 U.S. at 555. Therefore, the Court grants Defendant's Motion to Dismiss as to Count Two.

### C. Leave to Amend

If the Court grants a Rule 12(b)(6) motion to dismiss but a defective complaint can be cured, a plaintiff is entitled to amend the complaint before the action is dismissed. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Here, because Plaintiff may be able to cure the defect in her CIPA claim, the Court will give her an opportunity to amend. The Court advises that Plaintiff should only file an amended Complaint if she is able to cure the defect. If Plaintiff files an amendment that fails to comply with this Order, the Court will dismiss the action against Defendant with prejudice.

**IT IS THEREFORE ORDERED** granting in part and denying in part Defendant's Motion to Dismiss (Doc. 24). The Court denies the Motion with regard to Count One, a claim under the TCPA. The Court grants the Motion with regard to Count Two, a claim under the California Penal Code § 632.7.

**IT IS FURTHER ORDERED** granting Plaintiff leave to file a Seconded Amended Complaint in accordance with this Order by December 2, 2019, should she so choose.

Dated this 15th day of November, 2019.

Honorable John J. Tuchi
United States District Judge